IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 00-cv-02361-WDM-MEH (concerning related case nos 00-cv-02361-WDM-MEH through 02363-WDM-MEH; and case nos. 00-cv-02365-WDM-MEH through 02374-WDM-MEH; and, Concerning Case Nos. 00-cv-02364-MJW-MEH and 00-cv-02394-MJW-MEH

Case No. 00-cv-02361-WDM-MEH

WYRICK G. DEANE,

    Plaintiff,

v.

MILTON TUCKER, et al.,

    Defendants.

## ORDER

This matter is before me on the parties' joint motion to give Pitkin County ("County") statutory notice pursuant to Colo.Rev.Stat. § 30-28-101(10)(c)(II) and approve a settlement of the parties (doc. no. 30). I did grant the motion to notify the County (doc. no. 32). The County objected to the proposed settlement and requested the opportunity to take discovery and have an evidentiary hearing (doc. no. 48).

It is not clear to me what relief the parties seek. All of these cases began as a federal quiet title action pursuant to 28 U.S.C. § 2409a to determine Plaintiff's claims of ownership interest in federal land previously conveyed to the defendant United States by the County. I have exclusive jurisdiction of such action "to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 18 U.S.C. § 1346(b).

In their joint motion the parties ask that I approve their "global settlement" and proposed property transfers to effectuate that settlement. In their tendered order, the parties ask that I find that "all of the real property interests subject to conveyance between and by the parties as described in the Settlement Agreement and Release do not offend, violate, or seek to evade part I of Article 28, Title 30, of the Colorado Revised Statutes." In their briefing, however, the parties argue that the state's regulations contained in that statute are preempted by the Property (Art. IV, § 3, cl. 2) and Supremacy (Art. VI, cl. 2) Clauses of the United States Constitution. The County contests preemption and asserts that the parties are attempting to evade applicable state regulations, asserting that an evidentiary hearing is necessary. If I conclude the state statute is preempted, it is not explained why I should be determining its applicability or whether the parties sought to evade it.

The posture of this case is unique and raises several questions for the court. A status conference with counsel for the parties and County may provide assistance or guidance on how to resolve the issues of this case.

It is therefore ordered:

1. A status hearing for all parties and the County is set in this court for **1:30 pm. on December 21, 2007**, for one hour.

2. Counsel for all parties and the County shall file a written status report by **December 14, 2007**, addressing the following issues:

    a. Does this court have jurisdiction under 28 U.S.C. §§ 1346(b) and 2409a to:

        (i) approve a settlement establishing title to disputed property;

        (ii) grant declaratory relief to determine whether the Colorado statute is

2

preempted; and

(iii) determine whether the parties are seeking to evade the applicability of Colo.Rev.Stat. § 30-28-101.

b. If I decide the United States may convey Parcel A under its authority and the Colorado statute is preempted, why should I address whether the parties intended to evade the Colorado statute?

c. If I decide the state statute is preempted, will the United States grantee have the full right to use parcel A in accordance with the restrictive covenants contemplated by the settlement or may those rights be precluded or impacted by state or local regulation?

d. Is an evidentiary hearing or trial necessary?

e. If an evidentiary hearing is necessary, what factual issues need to be decided?

DATED at Denver, Colorado, on December 6, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge