IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 00-cv-02361-WDM-OES (and related Civil Action Nos. 00-cv-02362-WDM-OES, 00-cv-02363-WDM-OES, and 00-cv-02365-WDM-OES through 00-cv-02374-WDM-OES)

WYRICK G. DEANE,

    Plaintiff,

v.

MILTON TUCKER, et al.,

    Defendants.

**ORDER APPROVING GLOBAL SETTLEMENT**

Miller, J.

These matters are before me on the Joint Motion to Issue Notice to Pitkin County Pursuant to Colo. Rev. Stat. § 30-28-101(10)(c)(II), and for Entry of Order Approving Proposed Global Settlement ("Motion") (doc no 30) and Defendant Pitkin County's Motion Requesting Evidentiary Hearing (doc no 48). These related proceedings are quiet title actions concerning real property located in Pitkin County. Plaintiff Wyrick G. Deane and Defendants United States of America, Secretary of Agriculture, and the United States Forest Service (the "Settling Parties") have reached a settlement of this dispute that will result in quieting title of significant acreage in the White River National Forest, acquisition of additional high priority parcels, and the cross-conveyance of a small newly-created parcel to Plaintiff Deane (the "Global Settlement"). Pitkin County

1

joined as a party in interest in this matter in order to contest the settlement and demonstrate that it was intended to evade C.R.S. § 30-28-101(10)(c)(II), which regulates subdivision of property.  Pitkin County also seeks to hold an evidentiary hearing for the purpose of demonstrating this intent by the Settling Parties.  For the reasons that follow, I conclude that the Global Settlement is authorized by federal law which preempts any inconsistent provision of state law, including C.R.S. § 30-28-101(10)(c)(II).  I will also deny Pitkin County's request for an evidentiary hearing.

These fifteen cases concern title in mining claim acres located in the White River National Forest.  In 1994, pursuant to an act of Congress (Pub. L. No. 103-255 § 5(c), 108 Stat. 684 (1994)) (the "Exchange Act"), Pitkin and Eagle Counties transferred to the United States approximately 1,307 acres located within or adjacent to the White River National Forest (the "Exchange Act Parcels").  In exchange, the United States conveyed a 217-acre parcel, which is not at issue in this litigation.  In these quiet title actions, Plaintiff Deane claims to hold superior title in certain Exchange Act Parcels and challenges the transfer by Pitkin County to the United States.  To resolve the dispute, Deane and the United States propose to enter into a settlement agreement whereby Deane will quitclaim any interest he has in 25 Exchange Act Parcels subject to the litigation, 3 additional Exchange Act parcels not subject to the litigation, and 7 non-Exchange Act parcels (the "Deane Parcels").  In exchange, the United States will cross-convey a 2.26 acre parcel ("Parcel A"), to be carved out of two of the Exchange Act Parcels (Diamond Lode and Ophir Lode), together with access to Parcel A across other

Forest Service lands. Parcel A contains an existing cabin, and the cross-conveyance will include various restrictive covenants that will preclude development of the parcel or construction of larger improvements. It is alleged that all relevant agencies of the United States have approved the settlement.

The Settling Parties, without conceding that Pitkin County has standing or legal authority to object to the settlement, nonetheless sought Pitkin County's approval of the settlement. Pitkin County objected to the creation of Parcel A on the grounds that it is an attempt to evade subdivision regulations of Pitkin County, as provided in C.R.S. § 30-28-101 *et seq*. The Settling Parties then moved for approval of the settlement by this court after notice and opportunity to join was issued to Pitkin County. The parties actually requested that I find "that all of the real property interests subject to conveyance between and by the parties . . . do not offend, violate, or seek to evade Part I of Article 28, Title 30 of the Colorado Revised Statutes." Following notice, Pitkin County joined this action on March 13, 2007 (doc no 41) for the purpose of objecting to the proposed settlement. I requested briefing from all parties, which is now complete. Pitkin County has requested discovery and an evidentiary hearing on the issue of whether the Settling Parties seek to evade the statutory requirements of Title 30, Article 28 of the Colorado Revised Statutes. Among other things, the County seeks to address the history of the area, local land use regulation and the mental state of the Settling Parties.

The state statute at issue governs county planning and land use, specifically

laws and regulations governing subdivisions. As defined by statute, "subdivision" or "subdivided land" means "any parcel of land which is to be used for condominiums, apartments, or any other multiple-dwelling units, . . . or which is divided into two or more parcels, separate interests, or interests in common." C.R.S. § 30-28-101(10)(a). Because Parcel A is the result of the division of other parcels, its creation appears to fit this definition. However, there are several exemptions, including "any division of land [created by] order of any court in this state" if the relevant county authority "is given timely notice of any such pending action by the court and given opportunity to join as a party in interest in such proceeding for the purpose of raising the issue of evasion of this part 1 prior to entry of the court order." C.R.S. § 30-28-101(10)(c)(II). My task, therefore, is to determine whether section 30-28-101 applies to settlement and to Parcel A and, if so, whether the settlement, and its approval by the court, is intended to evade Pitkin County's land use regulations.

The United States argues that the settlement is in the public interest and furthers the goals of the Forest Service in several respects. First, it quiets title to over 300 acres of Forest-area properties, ends the litigation, expands federal public domain to include the 7 Deane Parcels, which are a high priority acquisition. The Deane Parcels constitute a significant portion of the remaining privately owned land in the Maroon Snowmass Wilderness Area and their acquisition by the Forest Service will give public access to recreational trails and a parking area and will simplify administration. The area in which Parcel A is located contains numerous small mineral properties resulting

4

in a mixed ownership pattern, which makes management difficult for the Forest Service; accordingly, the Forest Service has determined that the best use of such lands is as exchange lands for the acquisition of properties more suited to Forest Service management. The Settling Parties assert that the settlement and creation of Parcel A are not intended to evade Colorado's subdivision laws.

The United States argues that the County is preempted from applying state subdivision law to the creation of Parcel A as it involves the division of federal lands. Preemption is based upon the Property (Art. IV, § 3, cl. 2) and Supremacy (Art. VI, cl. 2) clauses of the United States Constitution, empowering Congress to preempt state and local law. Three general types of preemption are recognized: (1) express preemption; (2) field preemption and (3) conflict preemption, "which occurs either when compliance with both the federal and state laws is a physical impossibility, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998). The Settling Parties argue that conflict preemption is pertinent here.

Originally, the Settling Parties argued that the acts of Congress which conflicted with the state law were the authority granted the Secretary of Agriculture to regulate the occupancy and use of National Forest lands pursuant to 16 U.S.C. § 551 and the authority of the United States to sell and exchange small parcels of National Forest lands under 16 U.S.C. § 521d. After questions by me and arguments by the County,

the Settling Parties no longer claim this is an authorized small tract exchange.[1]

Following further hearing and inquiries by me, all parties now agree that the decisive issue is whether the Colorado statute is preempted. If I so decide, all agree that I need not determine whether the settlement was for the purpose of evading the County regulation. Further, the Settling Parties will move to dismiss the consolidated actions with prejudice and I need not determine whether the Settling Parties followed the procedures prescribed in Federal statutes and regulations.

With that understanding, I ordered the Settling Parties to submit a proposed order which provided the specific Congressional authorization of the exchange that would preempt the state regulation. The Settling Parties' suggestions are not helpful as they again rely only upon the general vague authority of the Secretary of Agriculture to regulate the occupancy of lands and add the general authority of the Department of Justice to settle non-monetary disputes. With this latter argument, the Settling Parties suggest that simply the fact of settlement suffices to preempt regardless of whether the acts prescribed by the settlement were authorized by Congress. Such a rationale is not acceptable, as such thinking would give license to federal administrators to agree to unauthorized or unlawful acts in settlement of litigation.

Without guidance from the parties, I have been able to determine that Congress

---

[1]Similarly, County has mistakenly relied on 36 C.F.R. § 254.36(c)(7) as a mandate to consider local law in land exchanges. However, it, too, is applicable only to small tract exchanges which by definition are limited to encroachments, road rights of way and mineral survey fractions. *See* 36 C.F.R. § 254.30. Parcel A is not such a "small tract."

has authorized the Secretary to make exchanges when it is determined to be in the public interest, including obtaining access to other National Forest land. *See* 43 U.S.C. § § 1715, 1716. Further, regulations have been promulgated to establish the procedures for making such exchanges. *See* 36 C.F.R. § 254.1 *et. seq.*[2] Congress has clearly delegated to the Secretary of Agriculture the power to regulate and control National Forest lands, including the authority to exchange or sell off small parcels, such as Parcel A, a parcel of less than 35 acres, a result apparently objectionable to the County and which it seeks to prevent or regulate by virtue of Colo. Rev. Stat. § 30-28-101. Plainly, this presents a conflict, if not an impossibility, in the United States' exercising its inherent power over federal lands and I conclude that the state statute is preempted.

Simply stated, the Property Clause empowers Congress to exercise jurisdiction over federal land within a state and, when it so acts (as it has in this case), the federal law necessarily overrides and preempts conflicting state laws or policies. *Wyoming v. United States*, 279 F.3d 1214, 1227 (10th Cir. 2002); *Kleppe v. New Mexico*, 426 U.S. 529, 543 (1976) ("'a different rule would place the public domain of the United States completely at the mercy of [the State]'") (quoting *Camfield v. United States*, 167 U.S. 518, 526 (1897)).

I therefore conclude that the exchange, alleged to be in accordance with federal

---

[2]I also note that Congress enacted a catch-all provision authorizing the Secretary to make exchanges of lands under the jurisdiction of the Forest Service where laws do not otherwise authorize such exchanges. 16 U.S.C. § 555a.

7

statutes and regulations, cannot be barred or frustrated by state law.  However, once the exchange is accomplished, Parcel A is no longer a part of the federal lands and its future use and development would be subject to state and local regulation.  *See* 36 C.F.R. § 254.3(h).

Accordingly, it is ordered, declared and decreed as follows:

1.  The parties' Joint Motion for Entry of an Order (doc. no. 30) is granted in part. In accordance with the jurisdiction conferred upon me, including 28 U.S.C. § 2409a, I conclude and declare that the Secretary of Agriculture is duly authorized by federal statute and regulation to exchange federal land upon certain conditions and Colo. Rev. Stat. § 30-28-101 is preempted by the Property and Supremacy Clauses of the United States Constitution from imposing any obstacle or conflict with such exchange.

2.  Pitkin County's Motion for Hearing (doc. no. 48) is denied as moot; and

3.  The Settling Parties shall, on or before January 30, 2008, file a stipulated notice of dismissal of this consolidated action pursuant to Fed. R. Civ. P. 41(a) dismissing the 15 consolidated civil actions with prejudice.

DATED at Denver, Colorado, on January 16, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge